LUIGI DE MATTEIS, Respondent, *v.* CARLO LA MAIDA, Appellant.

*Malicious prosecution and false imprisonment — evidence — dismissal of complaint — direction of a verdict for the defendant.*

In an action brought to recover damages for malicious prosecution and false imprisonment, a request to dismiss the complaint at the close of the plaintiff's evidence, on the ground that the plaintiff had failed to meet the burden resting upon him of showing want of probable cause for the action taken by, and malice on the part of, the defendant, is properly refused, when the court would not be justified in holding, as matter of law, that the defendant had such reasonable ground of suspicion, supported by circumstances of such strength, as to warrant a cautious man in believing that the plaintiff was guilty of the offense with which he was charged.

Nor, when a dismissal of the complaint is not warranted at the close of the plaintiff's evidence, is the situation changed so as to warrant the direction of a verdict for the defendant at the close of the case, by the fact that the evidence on the part of the defendant contradicted in substantial respects the evidence on the part of the plaintiff.

APPEAL by the defendant, Carlo la Maida, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 17th day of

June, 1893, upon the verdict of a jury rendered at the New York Circuit.

*L. L. Van Allen,* for the appellant.

*Herman Frank,* for the respondent.

PARKER, J. :

The judgment awards to the plaintiff $1,250 damages in an action for malicious prosecution and false imprisonment.

The appellant calls our attention to two exceptions only. The first was taken to a refusal of the court to dismiss the complaint after plaintiff had rested. And the second to the court's denial of defendant's motion to direct a verdict in his behalf after the case was closed.

It is not controverted that plaintiff was arrested about the 16th of September, 1891, under a warrant based on a complaint of the defendant, charging him with having feloniously stolen jewelry to the value of $1,000, and imprisoned for twenty-four hours, after which he was released on giving bail in the sum of $2,500. On the day set for the hearing defendant substituted for it a charge to the effect that plaintiff had feloniously stolen from the defendant a pair of diamond earrings. An examination upon such charge was had resulting in the plaintiff's acquittal.

But defendant claimed upon the trial, and now insists, that he was entitled to a dismissal of the complaint at the close of plaintiff's case, because, as he alleges, the plaintiff had failed to meet the burden resting upon him of showing want of probable cause for the action taken by, and malice on the part of, the defendant. (*Anderson* v. *How,* 116 N. Y. 336.)

It then appeared, without contradiction, that for a period of four years prior to the arrest plaintiff had been doing business for and with the defendant on the following basis :

In the morning of each day defendant gave to plaintiff a box containing jewelry for sale, the cost price of each article being designated by defendant; plaintiff could not sell below this cost price, but was to divide with defendant whatever he should realize above it. At the close of each day plaintiff gave to the defendant an

account of the proceeds received, and returned such jewelry as remained unsold.

Cash for the goods was obtained in some instances, and in others the sales were on the installment plan. Some days prior to plaintiff's arrest he informed defendant of his intention to sail for Europe on the sixteenth of September with his wife, who was then in ill-health, and made application to him for steamer tickets, which defendant had for sale. Defendant asked him to wait for another month, and, finding that he would not, kept postponing from day to day a settlement of the accounts between them, but did not in any way intimate that he was dissatisfied with the manner in which plaintiff had conducted the business. Plaintiff remained the greater part of the day, preceding the one upon which he was to sail, with the defendant, at his place of business, but nothing was said by the defendant suggesting that he regarded himself as having been wronged by the plaintiff, still, just before the hour of sailing arrived, he was arrested on the first charge, which was subsequently withdrawn and another substituted in its place, upon which an examination was had.

This latter charge was to the effect that he had stolen a pair of diamond earrings of the value of thirty dollars. Of that charge plaintiff was acquitted. And in this action he describes the transaction which was the basis of defendant's last charge as follows: I told the defendant that Mr. Savetto wanted to buy a pair of earrings, and he gave me three pairs to show to him. Savetto took them to his wife, who selected one pair, returning to me the other two, which I gave to defendant, telling him that he would pay for them in fifteen days.

Savetto testified in plaintiff's behalf that he was acquainted with both plaintiff and defendant, and that he purchased the earrings upon a credit of fifteen days. But had not paid the plaintiff anything for them.

It was defendant's contention, during the criminal prosecution of the plaintiff, that he had sold the earrings to Savetto, received payment therefor, and kept the money.

Savetto not only disputed such contention, as did the plaintiff, but he further testified that the defendant came to his house after plaintiff's arrest, and at a late hour of the night, and tried to persuade

him to say that he had paid plaintiff for the jewelry.   Upon this evidence, standing, as it did at the close of plaintiff's case, uncontradicted, it is clear that the court could not have held, as matter of law, that the defendant had such reasonable ground of suspicion, supported by circumstances of such strength, as to warrant a cautious man in believing that plaintiff was guilty of the offense with which he was charged.

It is true that the evidence presented on the part of the defendant contradicted in substantial respects the evidence of the plaintiff and his witnesses, but that of course did not operate to take away the right which we have said plaintiff had established to go to the jury.   It presented the further question for the jury to pass upon, whether plaintiff's testimony was true.   If true, the situation was precisely the same as when plaintiff rested.

The appellant calls our attention to what he alleges to be an error in the admission of testimony, but as no exception was taken we need not consider it.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.